UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

Petitioner,

Case No. 2:26-cv-12201
Honorable Linda V. Parker

v.

CHESTER DUMS,

Respondent.
______________________________/

**OPINION AND ORDER TRANSFERRING THE SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Harvey Lee Preston, who is confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Preston challenges his conviction from the Oakland County Circuit Court for carjacking, Mich. Comp. Laws § 750.529a, unarmed robbery, Mich. Comp. Laws § 750.530, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c).

The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3)(A). Therefore, the Court is transferring the petition to the Sixth Circuit Court of Appeals for a determination as to whether Preston should be permitted to proceed with this successive habeas petition.

## I. BACKGROUND

An Oakland County Circuit Court jury convicted Petitioner of the aforementioned offenses. His conviction was affirmed on appeal. *People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012); *lv. den.* 493 Mich. 969 (2013).

Preston then filed his first federal habeas corpus petition, which was denied on the merits. *See Preston v. Gidley*, No.14-10606, 2017 WL 4572336 (W.D. Mich. Oct. 12, 2017), *appeal denied*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018).

The Sixth Circuit has denied Preston permission to file a successive federal habeas petition at least twenty five times. *In re Preston,* No. 18-1847 (6th Cir. Nov. 26, 2018); *In Re Preston,* No. 20-1641 (6th Cir. Dec. 8, 2020); *In Re Preston,* No. 21-1071 (6th Cir. May 12, 2021); *In Re Preston,* No. 21-2620 (6th Cir. Sep. 23, 2021); *In Re Preston,* No. 22-1072 (6th Cir. July 28, 2022); *In Re Preston*, No. 22-1723 (6th Cir. Sept. 28, 2022); *In Re Preston,* No. 24-1010 (6th Cir. Feb. 13, 2024); *In Re Preston*, No. 24-1052 (6th Cir. Feb. 21, 2024); *In Re Preston,* No. 24-1067 (6th Cir. Mar. 7, 2024); *In Re Preston,* No. 24-1232 (6th Cir. Apr. 17, 2024); *In Re Preston,* No. 24-1521 (6th Cir. Nov. 1, 2024); *In Re Preston,* No. 24-1597 (6th Cir. Nov. 1, 2024); *In Re Preston,* No. 25-1045 (6th Cir. Mar. 20, 2025); *In Re Preston,* No. 25-1162 (6th Cir. Mar. 20, 2025); *In Re Preston,* No. 25-1393 (6th

Cir. Jul. 16, 2025); *In Re Preston*, No. 25-2049 (6th Cir. Dec. 23, 2025); *In Re Preston,* No. 25-1741 (6th Cir. Dec. 23, 2025); *In Re Preston*, No. 25-1818 (6th Cir. Oct. 3, 2025); *In Re Preston*, No. 25-1970 (6th Cir. Dec. 10, 2025); *In Re Preston*, No. 25-2045 (6th Cir. Dec. 23, 2025); *In Re Preston*, No. 25-2049 (6th Cir. Dec. 23, 2025); *In Re Preston*, No. 26-1003 (6th Cir. Feb. 2, 2026); *In Re Preston*, No. 26-1018 (6th Cir. Feb. 2, 2026); *In Re Preston*, No. 26-1177 (6th Cir. Mar. 16, 2026); *In Re Preston*, No. 26-1241 (6th Cir. June 9, 2026). As before, he attempts in his current habeas petition to challenge his convictions out of the Oakland County Circuit Court.

## II. DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court previously had performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court lacks the jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965,

971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the appellate] court pursuant to 28 U.S.C. § 1631.").

Preston seems to claim that his current petition is not a successive petition because the claims raised are based on newly discovered evidence. These claims include: (1) Defendant's convictions violate the Double Jeopardy Clause of the Fifth Amendment, (2) Defendant should be re-sentenced based on the Supreme Court case of *Miller v. Alabama, infra,* which held that defendants under the age of 18 cannot be sentenced to a mandatory nonparolable life sentence, (3) the judge was biased against Defendant, and (4) the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

A habeas petition is not considered second or successive when it raises a claim that could not have been raised in the first petition or a claim that was "unripe for review" when the first habeas petition was filed. *See In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). "A claim is unripe when 'the events giving rise to the claim had not yet occurred.'" *Id.* (quoting *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)). With the exception of Preston's sentencing claim, his other claims were ripe when he filed his first petition in 2014, because the factual predicate underlying the claims had already occurred, even if Preston was unaware of those facts. *See In re Wogenstahl*, 902 F.3d 621, 627-28 (6th Cir. 2018) (habeas petitioner's claims alleging *Brady* violations and defense counsel's alleged ineffectiveness were not unripe at the time he filed his initial petition because the factual predicates underlying those claims had already occurred when he filed his first petition); *see also In re Halprin*, 788 F. App'x 941 (5th Cir. 2019) (federal habeas petition raising claim of bigotry-based bias by judge who tried petitioner's case in state court was successive petition; although petitioner asserted that he did not know about judge's bigotry until recently, that was not same thing as claim being unripe, and, because claim was that judge was bigoted all along, claim was ripe at time of trial, even if unknown to petitioner at time). Preston's new claims, with the possible exception of his sentencing claim, come "within the scenario contemplated by § 2244(b)(2)(B)." *In re Wogenstahl*, 902 F.3d at 628.

Thus, the current petition "is both second-in-time and second or successive, and [Preston] must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B)." *Id.*

Preston's challenge to his sentence is based on *Miller v. Alabama*, 567 U.S. 460 (2012), where the Supreme Court held that a defendant who was under the age of 18 at the time he committed the crime cannot be sentenced to a mandatory term of life imprisonment without the possibility of parole. *Id.,* at 465. While the decision predated Preston's initial petition, the Supreme Court did not hold that *Miller* announced a "new rule" of constitutional law that applies retroactively to cases on collateral review until 2016, after Preston filed his first habeas petition. *See Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016). Arguably, this claim was not ripe when Preston filed his first petition.

Although a district court can adjudicate a newly ripe claim without pre-authorization from the Sixth Circuit, *see In Re Smith,* 690 F.3d 809, 810 (6th Cir. 2012), there are two reasons why Preston cannot use *Miller* to file a successive habeas petition without prior authorization. First, Preston, by his own admission, was not under 18 when the offenses for which he was convicted were committed. (ECF No. 1 at PageID.5). According to the Michigan Department of Corrections' Offender Tracking System (OTIS), Preston was born in 1971. The offenses were

committed on November 6, 2008, making him 37 years old at the time.[1] Clearly *Miller*'s "new rule"—which applies only to defendants convicted before they are 18—does not apply to remove his petition from the preauthorization requirements of § 2244. *See In re Manning*, 24 F.4th 1107, 1109 (6th Cir. 2022).

Second, the state trial court sentenced Preston to concurrent prison terms of 30 to 60 years for the carjacking conviction, 15 to 30 years for the home invasion conviction, and 15 to 22 ½ years each for the unarmed robbery and criminal sexual conduct convictions. *Preston*, 2012 WL 5853223, at *1. The holdings in *Miller* and *Montgomery* are applicable only to mandatory sentences of life without parole. Because Preston's sentence was not mandatory, nor did it impose life without parole, he cannot raise his sentencing claim in a successive habeas petition. *See In re Harrell*, No. 16-1048, 2016 WL 4708184, at *2 (6th Cir. Sept. 8, 2016).

In short, Preston cannot proceed with the issues raised in the current habeas application without first obtaining permission to file a second or successive habeas petition from the Sixth Circuit Court of Appeals.

Accordingly,

---

[1] https://mdocweb.state.mi.us/OTIS2/Profile. This Court is permitted to take judicial notice of the Offender Tracking Information System. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

**IT IS ORDERED** that the Clerk of the Court shall **TRANSFER** the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager